James S. Thomson, II
ISB #6124; jst@powersfarley.com
POWERS FARLEY, PC
702 West Idaho Street, Suite 700
Post Office Box 9756
Boise, Idaho 83707
Telephone: (208) 577-5100
Facsimile: (208) 577-5101

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEED CONSTRUCTION, INC.<br><br>Plaintiff,<br><br>vs.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

**COMES NOW** Plaintiff STEED CONSTRUCTION, INC. (hereinafter "Steed Construction"), by and through counsel, Powers Farley, PC, and hereby alleges the following as and for claims against Defendant AUTO-OWNERS INSURANCE COMPANY:

**I.**

**PARTIES**

1. Plaintiff Steed Construction is a corporation organized and existing under the laws of the State of California, with its principal place of business located in Eagle, Ada County, Idaho.

2. Upon information and belief, Defendant Auto-Owners Insurance Company

COMPLAINT FOR DECLARATORY JUDGMENT - 1

(hereinafter "Auto-Owners") is a foreign corporation with its principal place of business located in the State of Michigan. Auto-Owners is duly licensed and authorized to transact business as an insurance company in the State of Idaho.

## II.

## JURISDICTION and VENUE

3. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, for the purpose of determining a question of actual controversy between the parties as hereinafter more fully set forth.

4. This action is ripe for adjudication.

5. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332, in that it arises between citizens of different states and, based on the nature of the damages alleged, the compensatory damages being claimed in the underlying lawsuit, and the demand by Steed Construction for payment or reimbursement of attorney fees and costs incurred in defending against the underlying lawsuit, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this declaratory judgment lawsuit occurred in this district.

## III.

## FACTS

### The 916 Park Project and Related Subcontract Agreements with Floor Tech and TVR

7. In December 2013, Steed Construction entered into a contract with 916 Park, LLC (hereinafter "916 Park") to construct an apartment building located at 916 East Park Boulevard in Boise, Idaho (hereinafter referred to as the "916 Park Building").

8. On or about February 7, 2014, TVR, Inc. (hereinafter "TVR") entered into a subcontract agreement with Steed Construction to complete installation of the HVAC systems for the 916 Park Building.

9. On or about May 8, 2014, Floor Tech, Inc. (hereinafter "Floor Tech") entered into a subcontract agreement with Steed Construction to complete all waterproofing for the 916 Park Building, including waterproofing of all elevated concrete decks pursuant to plans and specifications.

10. Pursuant to each of these subcontract agreements, Floor Tech and TVR agreed to procure and maintain certain insurance coverage for themselves and for Steed Construction. This included agreements by Floor Tech and TVR to include Steed Construction as an "additional insured on a primary and non-contributory basis for ongoing and completed operations."

11. The subcontract agreements between Steed Construction and Floor Tech and TVR also each expressly provide that Floor Tech and TVR have a duty to defend, indemnify and hold Steed Construction harmless from and against all loss, claims and damages (including attorney fees and costs) arising from or as a result of the work conducted in relation to the 916 Park Building by Floor Tech and TVR.

### The Underlying Civil Action

12. On or about November 9, 2017, 916 Park filed an action in the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada, entitled *916 PARK, LLC, an Idaho limited liability company, Plaintiff, vs. STEED CONSTRUCTION, INC., an Idaho corporation, Defendant* (Case No. CV01-17-20975) (hereinafter the "Lawsuit"). A copy of the Complaint filed in the Lawsuit is attached as **Exhibit 1**. Upon answering 916 Park's Complaint, Steed Construction joined Floor Tech, TVR and DeBest Plumbing, Inc. as third-parties to the

Lawsuit. Steed Construction subsequently amended its Third-Party Complaint. A copy of Steed Construction's amended/current Third-Party Complaint is attached as **Exhibit 2**.

13. 916 Park's Complaint has been amended on two occasions throughout the course of the Lawsuit. A copy of 916 Park's Second Amended Complaint, which is the current operative complaint by 916 Park in the Lawsuit, is attached as **Exhibit 3**.

14. In the Lawsuit 916 Park alleges that beginning in December 2016, it discovered water intrusion in various parts of the 916 Park Building because the balconies on 22 of the apartments had allegedly not been constructed according to the plans and specifications, as well as issues in heating the corridor in the 916 Park Building, and proper insulation of roof-top HVAC line-sets.

15. In its current Second Amended Complaint, 916 Park alleges that Floor Tech did not follow the 916 Park Building project's contract and specifications, was not a manufacturer's qualified installer, did not follow pre-installation procedures, did not install the specified materials, did not follow installation techniques, did not test the balconies and did not provide a manufacturer's warranty. 916 Park asserts that Floor Tech's failure to follow the construction contact plans and specifications resulted in water infiltration into the 916 Park Building's balconies and habitable spaces within the building, which has rendered various areas of the building uninhabitable due to mold, all of which requires substantial remediation and repair.

16. With respect to TVR, 916 Park alleges in its current Second Amended Complaint that TVR installed four non-specified heat pump units for the heating and cooling of the building common area corridors, which units failed to meet the performance of the specified Carrier brand systems, resulting in damages. 916 Park further alleges that TVR's installers failed to install finishing tape over the insulation that covers all roof top HVAC refrigeration lines pursuant to the manufacturer's installation requirement, which resulted in exposing the insulation to UV causing

COMPLAINT FOR DECLARATORY JUDGMENT - 4

the insulation to degrade and the systems to underperform and diminish the useful life of the rooftop compressor units.  In addition, 916 Park has alleged that two of the units installed by TVR have internal damage to fan coils that occurred during installation of the units.

17. Through discovery in the Lawsuit, 916 Park has provided documentation of cost estimates associated with the demolition and re-construction of the 916 Park Building's exterior decks, as well as correction of the alleged HVAC issues, totaling at least $165,000.00.

## The Auto-Owners Policies

18. At all times relevant, Floor Tech was insured pursuant to a commercial general liability ("CGL") policy (policy no. 114639-57084904-16) issued by Auto-Owners.

19. At all times relevant, TVR was also insured pursuant to a CGL policy (policy no. 134639-57094344-16) issued by Auto-Owners.

20. The Auto-Owners CGL policies insuring Floor Tech and TVR each included a "Blanket Additional Insured" endorsement (Endorsement 55373 (1-07)), which provides in pertnient part as follows:

> **BLANKET ADDITIONAL INSURED**
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM
>
> **A.** Under **SECTION II – WHO IS AN INSURED**, the following is added:
>
> A person or organization is an Additional Insured, only with respect to liability arising out of "your work" for that Additional Insured by or for you:
>
> **1.** If required in a written contract or agreement; or
>
> **2.** If required by an oral contract or agreement only if a Certificate of Insurance was issued prior to the loss indicating that the person or organization was an Additional Insured.
>
> * * *

COMPLAINT FOR DECLARATORY JUDGMENT - 5

    **C.**    **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS,** is amended as follows:

        **1.**    The following provision is added to **4. Other Insurance**:

> This insurance is primary for the Additional Insured, but only with respect to liability arising out of "your work" for that Additional Insured by or for you. Other insurance available to the Additional Insured will apply as excess insurance and not contribute as primary insurance to the insurance provided by this endorsement.

* * *

All other policy terms and conditions apply.

21.    The Commercial General Liability Coverage Form (Form 55300 (7-05)) applicable to the Auto-Owners policies issued to both Floor Tech and TVR defines the term "your work" as follows:

**SECTION V – DEFINITIONS**

* * *

**27.**    "Your work":

    **a.**    Means:

        **(1)**    Work or operations performed by you or on your behalf; and

        **(2)**    Materials, parts or equipment furnished in connection with such work or operations.

    **b.**    Includes:

        **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

        **(2)**    The providing of or failure to provide warnings or instructions.

22. A copy of the policy declarations, as well as the referenced "Blanket Additional Insured" endorsement and Commercial General Liability Coverage Form included with the Floor Tech policy, produced by Floor Tech in the underlying Lawsuit, are attached as **Exhibit 4**.

23. A copy of the policy declarations, as well as the referenced "Blanket Additional Insured" endorsement and Commercial General Liability Coverage Form included with the TVR policy, produced by TVR in the underlying Lawsuit, are attached as **Exhibit 5.**

## Statement of Controversy

24. Steed Construction, either directly or through its own liability insurance carrier acting on behalf of Steed Construction, has demanded insurance coverage from Auto-Owners in connection with Steed Construction's potential liability arising out of Floor Tech's and TVR's work for Steed Construction in connection with the 916 Park Building.

25. Steed Construction claims that it is entitled to coverage as an additional insured under the Auto-Owners policy which Auto-Owners issued to its named insured, Floor Tech.

26. Steed Construction claims that it is entitled to coverage as an additional insured under the Auto-Owners policy which Auto-Owners issued to its named insured, TVR.

27. To date Auto-Owners has failed to accept Steed Construction's demands and has failed to provide coverage (either defense or indemnity) to Steed Construction as an additional insured under the Floor Tech and/or TVR policies in relation to the claims asserted by 916 Park in the underlying Lawsuit and/or the damages sought by 916 Park in the Lawsuit.

28. An actionable justiciable controversy exists between Steed Construction and Auto-Owners, involving the parties' rights and liabilities as such pertain to the Lawsuit and Auto-Owners obligations to Steed Construction as an additional insured under Auto-Owners' insurance policies issued to Floor Tech and TVR, including, but not limited to, Auto-Owners' duty to provide a defense on behalf of Steed Construction in the Lawsuit and indemnify Steed Construction for

any liability arising out of Floor Tech's and/or TVR's work for Steed Construction on the 916 Park Building. These controversies may be determined by judgment of this Court, without other lawsuits.

## IV.

## CAUSES OF ACTION

### Count I

**Declaratory Judgment – Auto-Owners' Obligation to Provide Coverage to Steed Construction as an Additional Insured under Auto-Owners' Policies issued to Floor Tech and TVR with Respect to the Claims Alleged by 916 Park in the Lawsuit**

29. Steed Construction incorporates all previous allegations as though fully set forth herein.

30. The subcontract agreements between Steed Construction and Floor Tech and TVR are written agreements that not only require Floor Tech and TVR to defend, indemnify and hold Steed Construction harmless from and against all loss, claims and damages (including attorney fees and costs) arising from or as a result of the work performed by Floor Tech and TVR, but also required Floor Tech and TVR to include Steed Construction as an "additional insured on a primary and non-contributory basis" as part of the insurance coverage procured and maintained by Floor Tech and TVR for purposes of the 916 Park Building construction project.

31. The Auto-Owners policies insuring Floor Tech and TVR include "Blanket Additional Insured" endorsements specifically providing that any person or organization is an additional insured with respect to liability arising out of Floor Tech's and/or TVR's work for Steed Construction, if required in a written contract or agreement. The Auto-Owners policies insuring Floor Tech and TVR further provide that the insurance provided for the additional insured is primary insurance with respect to liability arising out of Floor Tech's and/or TVR's work for Steed Construction.

32. 916 Park seeks recovery in the Lawsuit for damages arising out of both Floor Tech's and TVR's work performed for Steed Construction on the 916 Park Building.

33. Steed Construction qualifies as an additional insured under the Auto-Owners policies issued to both Floor Tech and TVR.  However, to date Auto-Owners has failed to accept any duty or obligation toward Steed Construction, even though the allegations in the Lawsuit clearly include allegations of damage arising out of Floor Tech's and/or TVR's work which trigger, at a minimum, Auto-Owners' obligation to defend Steed Construction.

34. Steed Construction is, therefore, entitled to a judgment declaring that Auto-Owners is obligated to provide a defense on behalf of Steed Construction, as an additional insured on the policies issued to Floor Tech and TVR, for the claims alleged by 916 Park in the Lawsuit.

35. Steed Construction is further entitled to a judgment declaring that Auto-Owners is obligated to indemnify Steed Construction, as an additional insured under the Auto-Owners insurance policies issued to Floor Tech and TVR, with respect to liability arising out of Floor Tech's and TVR's work performed for Steed Construction on the 916 Park Building.

### Count II

### Reimbursement for Attorney Fees and Costs Incurred by or on behalf of Steed Construction in Defending Against the 916 Park Lawsuit

36. Steed Construction incorporates all previous allegations as though fully set forth herein.

37. Steed Construction, either directly or through its own liability insurance carrier acting on behalf of Steed Construction, has demanded insurance coverage from Auto-Owners with respect to the Lawsuit and any liability arising out of Floor Tech's and TVR's work for Steed Construction in connection with the 916 Park Building.

38. To date Auto-Owners has failed to accept Steed Construction's demands and has failed to provide coverage (either defense or indemnity) to Steed Construction as an additional

COMPLAINT FOR DECLARATORY JUDGMENT - 9

insured under the Floor Tech and/or TVR policies in relation to the claims asserted by 916 Park in the underlying Lawsuit and/or the damages sought by 916 Park in the Lawsuit.

39. As a result of Auto-Owners' failure to comply with its duties to Steed Construction as an additional insured under Auto-Owners policies issued to Floor Tech and TVR, Steed Construction has incurred attorney fees, litigation costs and other related expenses in excess of $70,000 as of the commencement of this action, and continuing to accrue, in order to provide for its own defense against 916 Park's construction defect claims and the 916 Park Lawsuit.

40. Therefore, in addition to the declaratory judgment sought through Count I above, Steed Construction is entitled to a judgment against Auto-Owners, awarding Steed Construction reimbursement of its reasonable attorney fees, litigation costs and related expenses, incurred in Steed Construction's defense against 916 Park's construction defect claims and the 916 Park Lawsuit.

**V.**

**CLAIM FOR ATTORNEY FEES AND COSTS
IN RELATION TO THIS DECLARATORY JUDGMENT ACTION**

Steed Construction has been required to retain the services of Powers Farley, PC to prosecute this action, and has and will continue to incur reasonable attorney fees and costs relative to its prosecution of this action. Therefore, Steed Construction alleges and hereby makes a claim against Auto-Owners for an award of its costs and reasonable attorney fees incurred in pursuing this action, pursuant to the provisions of Idaho Code §§ 10-1210, 41-1839, 12-121, 12-123, Rule 54 of the Federal Rules of Civil Procedure, and any other provision, statute, rule or regulation providing for an award of attorney fees and/or costs in this action.

//

//

//

**WHEREFORE**, Plaintiff Steed Construction prays for declaration and judgment as follows:

1. With regard to Count I, that Auto-Owners has a primary duty to defend Steed Construction against the 916 Park Lawsuit as an additional insured under the Auto-Owners policies issued to Floor Tech and TVR, and must undertake Steed Construction's defense;

2. With regard to Count I, that Auto-Owners has a duty to indemnify Steed Construction as an additional insured on the policies issued to Floor Tech and TVR, with respect the claims or demands by 916 Park in the Lawsuit arising out of Floor Tech's and TVR's work performed for Steed Construction on the 916 Park Building;

3. With regard to Count II, a money judgment against Auto-Owners, awarding Steed Construction reimbursement of its reasonable attorney fees, litigation costs and related expenses, incurred in Steed Construction's defense against 916 Park's construction defect claims and the 916 Park Lawsuit;

4. That Steed Construction be awarded its costs and reasonable attorney fees incurred in prosecuting this action; and

5. All other relief which the Court deems just and equitable.

DATED this 25th day of June, 2019.

POWERS FARLEY, PC

By_____
James S. Thomson, II - Of the Firm
Attorney for Plaintiff